```
                                                            FILED
                                                           JUN 17 2008
              UNITED STATES DISTRICT COURT
                                                           [signature]
                 DISTRICT OF SOUTH DAKOTA                     CLERK

                      SOUTHERN DIVISION
```

| | | |
|---|---|---|
| REBECCA A. ROLFES, | * | CIV. 08-4049 |
| Private Bond | * | |
| Petitioner/Libellant/Suitor, | * | |
| | * | MEMORANDUM OPINION |
| vs. | * | AND |
| | * | ORDER RE: MOTIONS |
| | * | TO DISMISS |
| STATE OF SOUTH DAKOTA, | * | |
| BRULE COUNTY CIRCUIT COURT | * | |
| CASE | * | |
| NO. 07-82, including all | * | |
| Bonds and the record, | * | |
| | * | |
| DAVID V. NATVIG – Officially and | * | |
| Individually, | * | |
| DORIS JUHNKE – Officially and | * | |
| Individually, | * | |
| BRUCE ANDERSON – Officially and | * | |
| Individually, | * | |
| WILLIAM THOMPSON – Officially and | * | |
| Individually, | * | |
| EILEEN KROUPA – Officially and | * | |
| Individually, and | * | |
| Others Associated With the Case, | * | |
| Offically and Individually, | * | |
| | * | |
| Respondents/Libellees. | * | |
| | * | |
| Rebecca- Ann: Rolfes, lawful woman, | * | |
| intervener, agent, Real Party | * | |

Plaintiff, Rebecca A. Rolfes, has commenced an action with a pleading titled "Petition for Libel of Review, Replevin and Injunctive Relief." Doc. 1. The Defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted, for insufficient service of process and for lack of subject matter jurisdiction. Doc. 12, 14. Plaintiff has responded to these motions with a pleading titled "Verified Petition to Strike Defendant's Motion to Dismiss." Doc. 23. For the reasons stated in this Memorandum Opinion, Plaintiff's action will be dismissed for

failure to state a claim upon which relief can be granted.

## DISCUSSION

Plaintiff's pro se[1] Petition alleges that Plaintiff has commenced an admiralty/maritime cause of action within the meaning of FED. R. CIV. P. 9(h). The Petition states that the action is also based on the Law of Nations and that Plaintiff is entitled to summary judgment based on "ADMINISTRATIVE REMEDY." Plaintiff refers to herself in the Petition as "a non-attorney, real woman and Real party in Interest, agent for, and Real Party in Interest in REBECCA A. ROLFES, A US Vessel." Most of the named Defendants are not referenced in the body of the Petition, and the Court cannot decipher what injury they are alleged to have caused Plaintiff.

A pro se complaint should be given liberal construction. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir.2004). A pro se complaint, regardless of how inartfully pleaded, is held to less stringent standards than pleadings drafted by lawyers and may only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7(1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21(1972)). This policy of liberal construction, however, "does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable." *Barsella v. U.S.*, 135 F.R.D. 64, 66 (S.D.N.Y.,1991). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This Rule also requires that each claim be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(2). The purpose of this rule is that a defendant be given fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir.2002)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). The Petition in this case does not give any of the Defendant's such fair notice of either the claims or the grounds upon which they rest. The Court is therefore dismissing the Petition for failure to state a claim upon which relief could be granted under FED.R.CIV.P. 12(b)(6). Accordingly,

IT IS ORDERED:

(1) That the Petition is dismissed for failure to state a claim upon which relief could be

---

[1] The Petition under a heading of "NOTICE TO CLERK" states, "No clerk action to brand Suitor as 'pro se' is acceptable." It is not clear why Plaintiff objects to the acknowledgment that her action is brought pro se.

granted under FED.R.CIV.P. 12(b)(6);

(2) That in consideration of the above ruling the motions for dismissal based on grounds other than FED.R.CIV.P. 12(b)(6), and the motions for more definite statement need not be determined; and

(3) That Plaintiff's motion to strike Defendants' Motions to Dismiss (Doc. 23) is denied.

Dated this 17th day of June, 2008.

BY THE COURT:

Lawrence L. Piersol
Unites States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
(SEAL)      DEPUTY